NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ALBERT J. LIRETTE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2024-1857

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5299, Judge Joseph L. Toth.

_____

Decided: January 15, 2025

_____

ALBERT J. LIRETTE, Houma, LA, pro se.

ALEXANDER BREWER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

_____

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

Albert Lirette appeals pro se a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the decision by the Board of Veterans' Appeals ("Board") rejecting his request for an increased disability rating. We *dismiss*.

## BACKGROUND

Mr. Lirette served honorably in the Army from 1967 to 1969, during which time he was wounded in combat in Vietnam. Mr. Lirette was granted compensation from the Department of Veterans Affairs ("VA") for several disabilities, including PTSD, which was evaluated as 50% disabling. In October 2018, Mr. Lirette requested an increased disability rating, which was denied by the VA Regional Office in November 2018.

Mr. Lirette appealed to the Board, which affirmed in an order dated July 27, 2022. In its order, the Board compared Mr. Lirette's medical records with the diagnostic criteria for a 70% rating and concluded that his symptoms did "not . . . approximate" such a rating. S. App'x 17.[1] The Board acknowledged Mr. Lirette's lay assertions that his symptoms justified a higher rating but found that the VA treatment records, Mr. Lirette's own reporting, and the examiner's observations showed that "his PTSD is manifested by occupational and social impairment . . . but not deficiencies in most areas, such as family relations, judgment, thinking, or mood" that might justify a higher rating. S. App'x 18.

In a February 23, 2024, decision, the Veterans Court affirmed the Board's decision, finding that "[t]he record

---

[1]    Citations to "S. App'x" refer to the supplemental appendix filed by the government with its Second Corrected Informal Response Brief.

plausibly support[ed]" the Board's findings that Mr. Lirette's PTSD symptoms did not rise to the level of the 70% diagnostic criteria and that his lay assertions did not compel a higher rating. S. App'x 4. Relying on our decision in *King v. Shinseki*, 700 F.3d 1339, 1344–46 (Fed. Cir. 2012), the Board determined that it was not required to credit Mr. Lirette's lay assertions over the medical treatment reports. Mr. Lirette appeals.

## DISCUSSION

Our "jurisdiction to review decisions by the Veterans Court is limited." *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). We may review the validity of a decision with respect to a rule of law or interpretation of a statute or regulation that was relied upon by the Veterans Court in making its decision. 38 U.S.C. § 7292(a). And unless a constitutional challenge is presented, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

On appeal, Mr. Lirette does not challenge the validity or interpretation of a statute or regulation, nor does he present a constitutional argument concerning the Veteran Court's February 2024 decision. Mr. Lirette thus fails to raise a challenge to the Veteran Courts' decision that falls within our appellate jurisdiction. *See* 38 U.S.C. § 7292(a), (d)(2). We therefore *dismiss* Mr. Lirette's appeal for lack of jurisdiction.

## DISMISSED

### Costs

No costs.